UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | |
|---|---|
| BRIAN WHITE #198559, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:05-cv-292 |
| ) | |
| v. ) | HON. ROBERT HOLMES BELL |
| ) | |
| B. PERRY, et al., ) | |
| ) | |
| Defendants. ) | **OPINION** |
| _____) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

I.  Factual allegations

Plaintiff is presently incarcerated at the Baraga Maximum Correctional Facility (AMF). The court notes that Plaintiff lists two other prisoners, James Jones #164081 and Makele Free Micheal #215404, as Plaintiffs in this case. However, these two prisoners failed to sign this complaint. The federal courts uniformly reject representation during litigation by unlicensed lay people. *See e.g. Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41 (1st Cir. 1982) (prisoners); *Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59 (2d Cir. 1990) (parent/child);

*Bonacci v. Kindt*, 868 F.2d 1442 (5th Cir. 1989). *See also United States v. Whitesel*, 543 F.2d 1176 (6th Cir. 1976), *cert. denied* 431 U.S. 967 (1977) (rule applied in criminal matter). A person may appear in the federal courts only *pro se* or through legal counsel. 28 U.S.C. § 1654. This Court's local rules prohibit representation by non-lawyers. W.D. Mich. L.R. 18(a).[1] Plaintiff White may not represent the other prisoners in this matter. Each plaintiff must sign every pleading filed or the pleading cannot be considered a pleading of the unsigned plaintiff. Accordingly, because only plaintiff White has signed the complaint filed with this court, Jones and Micheal have not appeared as parties in this matter.

In his *pro se* complaint, Plaintiff sues Defendants Sergeant B. Perry, Resident Unit Officer Beauchamp, Resident Unit Officer Ron Ekdahl, Resident Unit Officer T. Hill, Resident Unit Officer Paul Turner, MDOC Administrative Law Examiner Susan C. Burke, Deputy Warden Darlene K. Edlund, Warden Timothy Luoma, Hearings Investigator S. Raymond, Grievance Coordinator B. Smith, and Grievance Coordinator T. Tollefson.

Plaintiff claims that on July 23, 2005, Defendants Ekdahl, Hill and Turner assaulted Plaintiff without cause while he was returning from the showers. During the assault, Defendant Beauchamp held the camera and Defendant Perry stood by and supervised. Plaintiff states that he was knocked to the ground, which caused an open cut by his left eye and a bruise on his left shoulder. Leg restraints were applied while Plaintiff was on the ground. Plaintiff further states that Defendant Hill spit in his face "in retaliation" for the fact that Plaintiff had spit at him earlier.

---

[1] W.D. Mich. L.R. 18(a) states: "*Unauthorized Practice Prohibited.* Except for self-representation, no person shall be permitted to practice in this court or before any officer thereof as an attorney, or to commence, conduct, prosecute, or defend any action, proceeding or claim, either by appearing in open court or by using or signing any name to any pleading or other paper, unless that person is a member of the bar of this court."

Plaintiff asserts that he did not file a grievance, but adds that he did not receive a "grievance receipt." For relief, Plaintiff requests damages.

## II.  Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000). A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiff's claims are the type of claims that may be grieved. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective Nov. 1, 2000); ¶ II (may grieve brutality and corruption by prison staff) (effective Oct. 11, 1999 and November 1, 2000).

The burden to allege and show exhaustion belongs to Plaintiff. *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104. This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits." *Knuckles El*, 215 F.3d at 642. Plaintiff fails to specifically allege that he filed a grievance or grievances on the named Defendants in this case, or that he appealed the denial of any grievances to step III. Nor does Plaintiff attach a copy of any grievances and/or responses to his complaint. An allegation that remedies have been exhausted is not enough, as a plaintiff must provide the decisions reflecting the administrative disposition of his claims or other evidence showing that he has exhausted his remedies. *Williams v. McGinnis*, No. 98-1042, 1999 WL 183345, at *1 (6th Cir. March 16, 1999). The Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits." *See Knuckles El*, 215 F.3d at 642. Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies.

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶¶ G-3, T, V. The Sixth Circuit held that an inmate cannot claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now

time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied*, 522 U.S. 906 (1997).

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997); *Bradford v. Moore*, No. 97-1909, 1998 WL 476206, at *1 (6th Cir. Aug. 3, 1998). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997). Accordingly, the Court will dismiss his action without prejudice.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Date:   February 13, 2006            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE